**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL NO. 06-50096-01

VS.                              JUDGE HICKS

RONALD KING                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the court is a motion to suppress wire communications filed by defendant Ronald King ("King"). [Doc. No. 60]. Based on the following, the defendant's motion is **DENIED**.

**I.  BACKGROUND**

King was charged in a two count superceding indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. § 843(b) and forfeiture pursuant to 21 U.S.C. § 853. The indictment was the result of an ongoing investigation which began sometime after March 2005. This investigation into an alleged narcotics trafficking organization by the FBI Safe Streets and Gang Task Force resulted in the development of several confidential sources who were familiar with the drug operations conducted by Ronald King and his alleged associates. Wiretaps were obtained for several of the alleged associates.

Based on information received from the confidential sources and the initial wiretaps, it was determined that King was distributing drugs throughout the Shreveport-Bossier area. As a result of this acquired information, an application for a wiretap was lodged in the Western District of Louisiana. The application sought authorization for the interception of wire communications of Ronald King. The application was supported by the affidavit of

J.T. Coleman, an FBI Special Agent. The application was granted in an order signed by Judge S. Maurice Hicks, Jr.[1]

King has moved to suppress all evidence obtained as a result of the wiretaps. He argues that: (1) the affidavit filed by the agent fails to establish the "necessity" for the wiretaps as required by 18 U.S.C. § 2518(1)(c); (2) the government failed to provide the court reviewing its application with a "full and complete" statement of the investigative steps already undertaken; (3) the application fails to set forth probable cause to believe that particular conversations concerning the target offense will be intercepted over the target telephone; and (4) some of the interceptions were of communications not involving the target telephone. The government has filed a memorandum in opposition to the motion to suppress.

## II. LAW AND ANALYSIS

### A. The Necessity Requirement.

Section 2518 requires that each affidavit in support of an application for a wiretap contain, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). This "necessity" requirement was included in the statute in order to prevent wiretapping from being utilized in cases where "traditional investigative techniques" are sufficient. See United States v. Webster, 734 F.2d 1048, 1055 (5th Cir. 1984). However, this necessity requirement has not led courts to require a showing that "every other imaginable mode of investigation would be unsuccessful." United States v. Diadone, 558 F.3d 775, 778 (5th Cir. 1977). Instead, the

---

[1]King's statement that Magistrate Hornsby issued the order is incorrect.

Fifth Circuit merely requires a "common sense" evaluation of the statements in the affidavit to determine if necessity has been established. See United States v. Guerra-Marez, 928 F.2d 665, 670 (5th Cir. 1991).

King has failed to demonstrate that the wiretaps in this case did not meet the statutory requirement of necessity. The affidavit asserts that numerous "traditional investigative techniques" were tried in this case, including the use of several informants, physical surveillance, pole cameras, aerial surveillance and PEN registers. The affidavit further explains why other techniques such as undercover officers and search warrants were not likely to be successful in this case. As the courts have repeatedly held, the government need not exhaust every alternative before a wiretap is proper. See United States v. Bankston, 182 F.3d 296, 305 (5th Cir. 1999).

In this case, the affidavit shows that adequate alternatives were attempted before the government sought wiretaps. Accordingly, the Court finds that the necessity requirement of 18 U.S.C. § 2518(1)(c) was met. Additionally, in light of the detailed 67 page affidavit submitted in support of the application for the wiretap, King's contention that the government failed to provide a "full and complete" statement of the investigative steps already undertaken is simply without merit.

**B.     Probable Cause.**

An application for a court-authorized wiretap must demonstrate probable cause "that an individual is committing, has committed, or is about to commit a particular offense" and "that particular communications concerning that offense will be obtained through such interception." 18 U.S.C.A. § 2518(3)(a)-(b). In United States v. Gonzales, 866 F.2d 781

(5th Cir. 1989), the Fifth Circuit explained the meaning of probable cause in the context of a wiretap as follows:

> An order authorizing a wiretap, like an ordinary search warrant, must be supported by a finding of probable cause. If the judge uses common sense and bases [a] finding on the entire picture presented [], our review is limited. "When this is done [the] determination is conclusive in the absence of arbitrariness." The task of the issuing judge is to make a common sense decision whether the affidavit shows a fair probability that evidence will be obtained, according to all the circumstances, including the veracity and basis of knowledge of anyone supplying hearsay information.

Id. at 786 (*quoting* United States v. Weinrich, 586 F.2d 481, 487 (5th Cir. 1978).

The affidavit submitted by Special Agent Coleman reveals information received that several of King's associates were conducting drug operations, were meeting with King to exchange packages, and were having numerous phone conversations with King about money owed and suspected drug transactions. Considering all of the circumstances, the affidavit showed a fair probability that evidence would be obtained. Accordingly, the Court finds that the affidavit was supported by probable cause.

## C.    Interceptions Beyond the Target Telephones.

In his initial memorandum in support, King argues that he "believes" that several intercepted conversations did not involve the target telephones, but notes that he needs additional time to confirm his contention. Despite filing a supplemental memorandum in support, defense counsel failed to submit any intercepted conversations which did not involve the target telephones. Accordingly, the Court finds that this argument is without merit.

## III.  CONCLUSION

Based on the foregoing, the Court finds that the application for the interception of wire communications of Ronald King set forth probable cause to believe that particular conversations concerning the target offense would be intercepted over the target telephones.  The Court further finds that the necessity requirement of 18 U.S.C. § 2518(1)(c) was met.

Therefore:

**IT IS ORDERED** that King's motion to suppress wire communications [Doc. No. 60] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 25th day of October, 2006.

<u>_A. Maurice Hicks_</u>
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE