**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-50096 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RONALD KING | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Ronald King's ("King") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 268). In his Motion, King alleges (1) trial counsel's failure to attempt to negotiate a favorable plea agreement fell below the wide range of professional competence demanded by the Sixth Amendment and deprived him of effective assistance of counsel and (2) the District Court erred in sentencing him to an enhanced sentence not alleged in the Third Superseding Indictment and not found beyond a reasonable doubt by the jury. See id. For the reasons contained in the instant ruling, King's § 2255 Motion is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

After a five day jury trial, King was convicted of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §841(a)(1) and §846 and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §1956. (Record Document 142). King was sentenced to 400 months on Count One and 240 months on Count Two. (Record Document 167). The sentences were imposed to run concurrently. See id. King appealed his conviction to Fifth Circuit Court of Appeals. (Record Document 170). The Fifth Circuit affirmed King's conviction and sentence. U.S. v. King, 541 F.3d 1143 (5th Cir. 2008). On January 15, 2010, King timely filed his first § 2255 Motion, raising nine

1

grounds that alleged insufficient evidence for a conviction, improper sentencing by the Court, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. (Record Document 205). On January 17, 2012, the Court denied King's first § 2255 motion. (Record Document 252).

In this instant § 2255 Motion, King alleges (1) ineffective assistance of counsel in violation of the Sixth Amendment for trial counsel's failure to negotiate a favorable plea agreement and (2) the District Court erred by sentencing King to an enhanced sentence not alleged in the Third Superseding Indictment and not found beyond a reasonable doubt by the jury. (Record Document 268).

## LAW AND ANALYSIS

King's instant § 2255 Motion is considered a second or successive motion under 28 U.S.C § 2255. A subsequent motion is "second or successive" when it: "1) raises a claim challenging the King's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." U.S. v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Since King filed his first § 2255 motion on January 15, 2010, in which he could have raised the instant claims, this subsequent motion should be classified as second or successive.

King is required to obtain authorization to file this second or successive § 2255 petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Turner v. Warden David Wade Corr. Ctr., 2014 WL 3858467, at *2 (W.D. La. Aug. 4, 2014); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir.

1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003). The record does not show that King has received such authorization. Until such time as King obtains said authorization, this court is without jurisdiction to proceed.

In In re Epps, 127 F.3d 364 (5th Cir.1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. Epps implies that the transfer of successive habeas corpus petitions to the Fifth Circuit for consideration under § 2244 is proper. See id. However, even if this second or successive petition is transferred to the Fifth Circuit, King's claims do not satisfy the requirements set out in 28 U.S.C. § 2255(h). Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 Motion:

> must be certified . . . by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable

King asserts trial counsel provided ineffective assistance of counsel by failing to attempt to negotiate a favorable plea agreement. (Record Document 268). King does not allege any newly discovered evidence; instead, King attempts to prove a new constitutional law that was previously unavailable. King contends Lafler v. Cooper, 566 U.S. 156, 132 S.Ct. 1376 (2012), and Missouri v. Frye, 566 U.S. 134, 132 S.Ct. 1399 (2012), provide new rules of constitutional law that afford him relief. However, the Fifth Circuit has held these cases did not announce new

rules of constitutional law, but "merely applied the Sixth Amendment right to counsel to a specific factual context." In re King, 697 F.3d 1189 (5th Cir. 2012).

King also claims the enhancements for his alleged leadership role and for possession of a firearm were not alleged in the Third Superseding Indictment and were not found beyond a reasonable doubt. (Record Document 268). To support his claim, King refers to Alleyne v. United States, --- U.S. ---,133 S.Ct. 2151, 2158 (2013), which determined that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. King cites a case from the Seventh Circuit Court of Appeals, Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013), that states, "Alleyne establishes a new rule of constitutional law." However, the Seventh Circuit did not allow a second collateral attack in the case because "§ 2255(h)(2) applies only when the new rule has been "made retroactive to cases on collateral review by the Supreme Court." Id. The Supreme Court did not declare that its new rule applies retroactively on collateral attack. See id. Furthermore, the Fifth Circuit has held that Alleyne is not retroactively applicable to cases on collateral review and cannot form the basis for a second § 2255 motion. See In re Kemper, 735 F.3d 211(5th Cir. 2013).

## CONCLUSION

Based on the foregoing, the Court finds that King's § 2255 Motion fails because (1) it is successive and he has failed to first secure a certification by the Fifth Circuit Court of Appeals and (2) his allegations do not satisfy the requirements set out in 28 U.S.C. § 2255(h). Accordingly, King's § 2255 Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of September, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE